IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Mark A. Fielder, | : | |
| Plaintiff | : | Civil Action 2:10-cv-00722 |
| v. | : | Judge Marbley |
| Michael J. Astrue, Commissioner of Social Security, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

This matter is before the Court on plaintiff Mark A. Fielder's April 15, 2011 objections to Magistrate Judge Abel's April 4, 2011 Report and Recommendation.  The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Fielder is not disabled within the meaning of the Act.  The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

<u>Administrative Law Judge's Decision</u>. Plaintiff Mark Fielder alleges he became disabled at age 43 by spondylolisthesis and depression. He had a high school education with one year of college. He worked as a car dealer and sales person.

The administrative law judge found that Fielder suffered from lumbar degenerative changes with a Grade 2 spondylolisthesis and myofascial pain. His

depression was not a severe impairment. He had the residual functional capacity to perform some sedentary jobs.

<u>Plaintiff's Objections</u>. Plaintiff argues that the Magistrate Judge failed to properly evaluate the administrative law judge's credibility determination. The administrative law judge indicated that Fielder only had conservative treatment. On February 19, 2004, Dr. Choice noted that the Orthotrac vest appeared to help plaintiff, but if his symptoms continued, Dr. Choice recommended surgery. Fielder testified that receiving cortisone injections only provided temporary relief and that surgery had been recommended on several occasions. Plaintiff also argues that the administrative law judge ignored the fact that he did not have medical insurance and could not afford more aggressive treatment options.  Plaintiff further contends that the Magistrate Judge failed to recognize that the administrative law judge misstated Fielder's activities of daily living. According to plaintiff, the administrative law judge placed unnecessary emphasis on the fact that he took care of his personal hygiene and occasionally wore jewelry. Plaintiff argues that his ability to prepare simple meals, occasionally wash dishes, go grocery shopping once a week, pay bills, and occasionally take out the trash is not inconsistent with the level and persistence of symptoms that he has alleged.

Plaintiff also argues that the Magistrate Judge erroneously concluded that the administrative law judge did not commit reversible error in characterizing an impairment as non-severe. Plaintiff argues that the administrative law judge did not

2

consider any psychological limitations when determining Fielder's residual functional capacity.

Plaintiff further argues that the Magistrate Judge erroneously characterized the administrative law judge's acceptance of Dr. Johnson's testimony. The Magistrate Judge noted that the administrative law judge properly rejected parts of Dr. Johnson's testimony because he was not a mental health expert, but the administrative law judge disregarded his testimony because it was based on plaintiff's subjective complaints. Plaintiff argues, however, that Dr. Johnson's testimony did not rely on Fielder's subjective complaints. Rather, Dr. Johnson testified that Fielder's depression aggravated his pain, and his pain aggravated his depression. Plaintiff maintains that if Dr. Johnson's opinion is accepted, then it must be found that Fielder cannot perform sustained remunerative employment.

<u>Discussion</u>. Despite plaintiff's objection, the administrative law judge considered the fact that plaintiff had no medical insurance. In fact, the administrative law judge noted that once plaintiff obtained medical insurance, he failed to receive further injections. *See* R. 358 ("Although the newer evidence reflects that in March 2007 and October 2007 the claimant indicated he wanted more injections once he was approved for medical benefits (Exhibit 18F), he has not had such further injections in spite of his testimony that he has been receiving benefits from the welfare department for the last year."). None of plaintiff's doctors have recommended that he undergo surgery. Instead, surgery has only been considered an option if more conservative treatment options fail.

3

The administrative law judge also properly considered plaintiff's daily activities when evaluating plaintiff's credibility and determined that his activities were consistent with an ability to perform a range of sedentary work.

In formulating plaintiff's residual functional capacity assessment, the administrative law judge determined that plaintiff's alleged problems with depression did not support the finding a severe mental impairment. *See* R. 358. The administrative law judge incorporated his findings from his June 24, 2007 decision concerning plaintiff's allegations in depression. *See* R. 23-25. By examining plaintiff's activities of daily living, social functioning, concentration, persistence or pace, and episodes of decompensation, the administrative law judge concluded that his depression was not severe and had no more than a minimal limitation in his ability to do basic work activities. The administrative law judge concluded that this finding was consistent with the opinions of Dr. Heiskell and the State agency, and his treating physicians. (R. 25.)

With respect to Dr. Johnson, the administrative law judge stated:

> In addition to the discussion contained in the prior hearing decision, it is noted that at the initial hearing, Dr. Johnson testified, in response to questioning by the claimant's attorney, that the combination of the claimant's depression and pain would make it "difficult" for the claimant to perform a consistent 40 hour work week. This portion of Dr. Johnson's opinion cannot be accepted. Such a response was based on the claimant's subjective complaints of pain and depression. However, for the reasons set forth later in this decision, the claimant' subjective complaints cannot be found to be entitled to full credibility. Further, Dr. Johnson is not a mental health expert, and he was called as an expert solely in regards to the claimant's physical, and not his mental, limitations.

(R. 356-57.)  Here, the administrative law judge properly rejected those portions of Dr. Johnson's opinion because it was based on plaintiff's subjective complaints, plaintiff's allegations were not entirely credible, and Dr. Johnson was not a mental health expert.  Consequently, there is substantial evidence supporting that the administrative law judge's conclusion that plaintiff is not disabled.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation.  Plaintiff's motion for summary judgment is **DENIED.**  Defendant's motion for summary judgment is **GRANTED.**  The decision of the Commissioner is **AFFIRMED.**  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant.  This action is hereby **DISMISSED.**

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge